J-S82045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL SCOTT PETRICHKO, | |
| Appellant | No. 837 MDA 2016 |

Appeal from the PCRA Order May 4, 2016
in the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0000803-1996

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:               **FILED DECEMBER 08, 2016**

Appellant, Daniel Scott Petrichko, appeals *pro se* from the denial of his third serial petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 (PCRA), as untimely.  Appellant argues that his sentence of life without parole for murder of the first degree is unconstitutional under **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applied retroactively under **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), as revised (Jan. 27, 2016).  We affirm.

Appellant was twenty years old at the time he committed the murder. He argues, in effect, that **Miller** should be applied to him as an "emerging adult[ ] who struggle[s] with the same problems as those under the age of

---

[*] Retired Senior Judge assigned to the Superior Court.

[eighteen]." (Appellant's Brief, at x).[1] We note that Appellant has previously litigated his *Miller* claim. (*See Commonwealth v. Petrichko*, No. 1901 MDA 2012, 2013 WL 11254771, at *5 (Pa. Super. filed Sept. 4, 2013) (unpublished memorandum)).

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our review of questions of law is *de novo*. *See Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013), *cert. denied*, 134 S. Ct. 639 (2013). To prove this exception to the PCRA time-bar, Appellant had to assert a constitutional right, recognized by the United States Supreme Court or the Pennsylvania Supreme Court and held by that court to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). *Miller* applies only to juveniles under the age of eighteen. *See Miller*, *supra* at 2460. The issue of where to draw the line has already been addressed by the United States Supreme Court in *Roper v. Simmons*, 543 U.S. 551, 574 (2005). The PCRA court properly determined that no statutory exception to the time-bar applied. Lacking jurisdiction, the court correctly declined to review the merits of Appellant's issues.

Order affirmed.

_____

[1] Appellant's non-compliant and erratically paginated brief does not include a statement of questions involved.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/8/2016</u>